**Dated: March 20, 2026**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re:                                               )
                                                     )
Nikia Nicole Patterson,                              )
                                                     )        Case No. 25-12805-JDL
                    Debtor.                           )        Ch. 7
                                                     )
Kori Henderson, an individual,                       )
                                                     )
                    Plaintiff,                        )
         v.                                          )        Adv. No. 25-1090-JDL
                                                     )
Nikia Nicole Patterson, an individual,               )
                                                     )
                    Defendant.                        )

**OPINION AND ORDER GRANTING MOTION
TO DISMISS COUNTERCLAIM**

**I. Introduction**

This matter is before the Court on the *Plaintiff's Amended Motion to Dismiss Defendant's Counterclaim* ("Motion") [Doc. 7]. The time within which the *pro se* Defendant had to object to the Motion has expired without any objection being filed by the Defendant; however, it is incumbent upon the Court to consider the merits of the Motion rather than

granting relief solely on a default basis.

Although Local Rule 9013-1(E) provides that a party's failure to respond to a motion "may be deemed confessed and the relief granted *ex parte*," the Court nonetheless has ruled substantively on such motions and generally does not grant motions on procedural default alone. The Court must consider the merits of the motion. *See, e.g.*, *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."); *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) ("[A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party."); *In re Millspaugh*, 302 B.R. 90, 95 (Bankr. D. Idaho 2003) ("[C]ourts are not required to grant a request for relief simply because the request is unopposed."); *In re Nunez*, 196 B.R. 150, 156 (9th Cir. BAP 1996) ("The granting of an uncontested motion is not an empty exercise but requires that the court find merit to the motion."). The Court will therefore examine the merits of the Plaintiff's Motion notwithstanding that the Defendant has not come forward with argument in opposition to it.

This adversary proceeding is brought by the Plaintiff to determine that the debts owed him by the Defendant are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) (misrepresentation, false premises and/or actual fraud), § 523(a)(4) (fraud or defalcation while acting in a fiduciary capacity), and § 523(a)(6) (willful and malicious injury by the debtor to another entity or to the property of another entity-conversion). In general, Plaintiff

asserts that he and the Defendant were in a personal relationship, and when the relationship ended the Defendant refused to vacate the house in which they were living, prohibited the Plaintiff from gaining possession of his personal property, vacated the residence taking all of the Plaintiff's personal property, including the Plaintiff's vehicle which the Defendant sold to a third-party without the Plaintiff's knowledge or consent. The Defendant's answer generally denies the Plaintiff's substantive allegations. Defendant also filed a counterclaim asserting in its entirety that "Plaintiff owes defendant(s) $20,500 because he lies and tried to ruin my reputation (Defamation)." The issue before the Court is whether such an allegation can withstand Defendant's Motion pursuant to Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure.[1]

## II. Jurisdiction

Generally speaking, United States bankruptcy courts do not have jurisdiction to adjudicate defamation claims as they are considered personal injury torts, which are all explicitly excluded from the jurisdiction of the bankruptcy courts under 28 U.S.C. § 157(b)(5). In Bankruptcy Court, state law determines whether defamation claims are regarded as personal injury torts. *See e.g.*, *Palm Beach Golf Center-Boca, Inc.*, *v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245 (11th Cir. 2015); *Randesi v. Reyna (In re Reyna)*, 657 B.R. 845, 853 (Bankr. E.D. Va. 2024). Though the majority of bankruptcy courts find that defamation cases fall within the "personal injury" prohibition under § 157(b)(5), the Court is not aware of any case holding under Oklahoma law defamation is considered a personal

_____

[1] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless otherwise indicated.

3

injury tort for the purposes of determining jurisdiction in bankruptcy proceedings under § 157(b)(5). However, the Supreme Court in *Stern v. Marshall*, 564 U.S. 462,479-80, 131 S.Ct. 2594 (2011), clarified that § 157(b)(5) is procedural rather than jurisdictional, meaning its requirements can be waived by the parties. Thus, if parties consent, a bankruptcy court may adjudicate a defamation claim. *Yellow Sign, Inc. v. Freeway Foods, Inc. (In re Freeway Foods of Greensboro, Inc.)*, 466 B.R. 750, 770 (Bankr. M.D. N.C. 2012). In the present case, pursuant to Bankruptcy Rule 7008, the Plaintiff has consented to the entry of final orders or judgment by the bankruptcy court. Pursuant to Rule 7012(b), the Defendant and Counter-Claimant in her Counterclaim, has consented to entry of final orders or judgment by the bankruptcy court.[2]

---

[2] Federal Rule of Bankruptcy Procedure 7008 requires in an adversary proceeding that "a complaint, counterclaim, crossclaim, or third-party complaint must state whether the pleader does or does not consent to entry of final orders or judgment by the bankruptcy court." The plaintiff has consented to the Bankruptcy Court entering a final order on his Complaint for nondischargeability, but has not separately consented in a responsive pleading (the motion to dismiss) to the Defendant's Counterclaim for defamation.

The question thus becomes, whether a party that has expressly consented to the bankruptcy court's authority under Rule 7008, is required to restate that consent in subsequent filings, such as a motion to dismiss. Under Fed.R.Civ.P. 7(a), made applicable to bankruptcy proceedings by Bankruptcy Rule 7007, only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. Rule 7 explicitly excludes everything else from its definition of pleadings. Motions, briefs, memoranda, applications, objections, responses, joinders, and other ancillary papers are not pleadings. Cf. *Dillworth v. Diaz (In re Bal Harbour Quarzo, LLC)*, 638 B.R. 660, 668 n. 51 (Bankr. S.D. Fla. 2022).

The Court believes the language in Rules 7007, 7008 and 7012 leads to the conclusion that once a party has expressly consented to bankruptcy court's authority under Rule 7008, there is no requirement to restate that consent in subsequent filings such as a motion to dismiss, which is not generally regarded in the rules as a "responsive pleading." Here, the initial statement of consent under Rule 7008 coupled with the defendant's consent under Rule 7012 is sufficient to establish the bankruptcy court's authority to enter final judgments or orders.

Accordingly, the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a) and the Order of Reference of the United States District Court for the Western District of Oklahoma as Local Rule LCvR 81.4(a) and, pursuant to Rules 7008 and 7012(b), the parties have consented to entry of final orders or judgment by the bankruptcy court. This adversary proceeding is brought pursuant Rule 7001(f) (a proceeding to determine whether a debt is dischargeable) is a "core proceeding" under 28 U.S.C. § 157(b)(2)(I) (a determination as to the dischargeability of particular debts).

### III. The Standards for a Motion to Dismiss

A plaintiff bears the burden to frame a complaint with enough factual matter to suggest that he or she is entitled to relief. *Robbins v. Oklahoma ex rel. Oklahoma Department of Human Services*, 519 F.3d 1242, 1247 (10th Cir. 2008). A motion to dismiss for "failure to state a claim upon which relief can be granted" is governed by Rule 12(b)(6) of the Fed.R.Civ.P., made applicable to adversary proceedings by Fed.R.Bankr.P. 7012. The purpose of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain enough facts to state a cause of action that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). This standard requires the factual allegations contained in an adversary complaint be sufficient to raise a right to relief above mere speculation. *Twombly*, 550 U.S. at 555; *Ridge at Red Hawk, L.L.C., v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (stating complaint must give the Court reason to believe that the "plaintiff has a reasonable

likelihood of mustering factual support" for the claims raised). Bare legal conclusions and simple recitations of the elements of a cause of action do not satisfy this standard. In considering a motion to dismiss, the Court must evaluate the facts alleged in the complaint in the light most favorable to the plaintiff. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006); *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).

## IV. Discussion

As stated in the Introduction above, Plaintiff has brought this adversary proceeding seeking to determine non-dischargeable damages he claims which, along with other action of the Defendant, resulted from the Defendant's conversion of his personal property, including his automobile, when their personal relationship ended. Defendant has filed a pleading designated as a "Counterclaim" which, in its entirety, states that "plaintiff owes defendant(s) $20,500 because: he lies and tried to ruin my reputation (Defamation)."

Under federal law, as articulated in *Ashroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) and *Twombly*, 550 U.S. at 556, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. A plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Barenberg v. Burton (In Re Burton)*, 2010 WL 3422584, at *2 (10th Cir. 2010) (citing *Twombly*, 550 U.S. at 555). The allegations must allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. A complaint that merely offers "naked assertions" devoid of "further factual enhancement" will not suffice. *Twombly*, 550 U.S. at 557.

Under Oklahoma law, to withstand a motion to dismiss in an action for defamation,

a plaintiff (here, the counterclaiming Defendant must) must plead the following elements:

1. A False and Defamatory Statement Concerning the Plaintiff: The plaintiff must allege that the defendant made a statement that is both false and defamatory. A defamatory statement is one that exposes the plaintiff to public hatred, contempt, ridicule, or obloquy, or which tends to deprive the plaintiff of public confidence, or injure the plaintiff in their occupation. 12 O.S. § 1441. If the statement is not defamatory *per se* (i.e., inherently defamatory), the plaintiff must plead special damages to establish defamation *per quod*.

2. An Unprivileged Publication to a Third Party: The plaintiff must allege that the statement was communicated to at least one person other than the plaintiff and that the communication was not privileged.

3. Fault on the Part of the Publisher: The level of fault required depends on the plaintiff's status:

For private figures, the plaintiff must plead that the defendant acted with at least negligence in making the statement.

For public officials or public figures, the plaintiff must plead that the statement was made with "actual malice," meaning it was made with knowledge of its falsity or with reckless disregard for its truth.

4. Actionability or Special Damages: The plaintiff must allege either that the statement is actionable irrespective of special damages (e.g., defamatory *per se*) or that the statement caused special damages. Special damages must be specifically pleaded if the statement is not defamatory *per se*.

*Sturgeon v. Retherford Publications., Inc.*, 1999 OK CIV APP 78, 987 P2d 1218, 1223; *Trice v. Burress*, 2006 OK CIV APP 79, 137 P.3d 1253, 1257; *Steidley v. Singer,* 2026 OK CIV APP 1, ___P.3d ___; *Yates v. Gannett Co*, 2022 OK CIV APP 41, 523 P.3d 69; 12 O.S. § 1441.

The only claim that the Defendant makes in her counterclaim is that "he lies and tried to ruin my reputation," presumably referring to the Plaintiff. Defendant's counterclaim

7

is totally devoid of the necessary factual allegations for stating a claim for defamation.

The Court is aware of the general rule that a *pro se* litigant's pleadings are to be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. *Id*. The broadest reading of the Defendant's counterclaim does not relieve her of the burden of alleging sufficient facts on which a recognized legal claim could be based.  Conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. *Dunn v. White*, 880 F.2d 1188, 1197-98 (10th Cir.1989), *cert. denied*, 493 U.S. 1059, 110 S.Ct. 871 (1990). For example, it has been held that a plaintiff failed to state a plausible defamation claim because plaintiff failed to "identify precisely to whom the alleged 'disparaging remarks' were made, the time and place of the publication, and the alleged defamatory words themselves." *Woods v. Ross,* 2021 WL 3077236, at *13 (D. Kan. 2021) (citation omitted). Here, the Defendant's sole statement that "he lies and tried to ruin my reputation" cannot survive this motion to dismiss.

In his Motion, Plaintiff asserts that an additional ground for dismissal is that the Defendant is apparently referring to "lies" contained in the Plaintiff's Complaint, and that such allegations are therefore protected by the privilege attaching to allegations in pleadings. If the Court was sure that the "lies" referred to only those contained in the

8

Plaintiff's Complaint, it would dismiss the Counterclaim with prejudice. The law is clear that "statements made before or during a judicial proceeding are privileged so long as they are related to the proceeding, and claims sounding in defamation for such statements are barred." *Vivos Therapeutics, Inc. v. Ortho-Tain, Inc.*, 2022 WL 2223141, at *3 (10th Cir. 2022). Recognizing that "granting a motion to dismiss is a harsh remedy which must be cautiously studied," *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009), the Court is reluctant to dismiss this *pro se* case with prejudice at this motion to dismiss stage unless it were absolutely sure what "lies" the Defendant is asserting and the context in which they arise.

There is one other matter which the Court feels the need to address. In an action for defamation, privilege is generally an affirmative defense, and "a defendant [generally] cannot render a complaint defective by pleading an affirmative defense," and "the possible existence of [an affirmative] defense is not ordinarily a ground for a Rule 12(b)(6) dismissal." *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 943 (8th Cir. 2021). Only, "[i]f an affirmative defense such as a privilege is apparent on the face of the complaint,... that privilege can provide the basis for dismissal under Rule 12(b)(6)." *Noble Systems Corp. v Alorica Central LLC*, 543 F.3d 978, 983 (8th Cir. 2008). While the Court finds that the Defendant has not stated a claim for relief for defamation, because of the Defendant's nebulous assertion of "lies" it cannot find that the claim of such "lies" unquestionably falls within the judicial privilege.

**IT IS THEREFORE ORDERED** that *Plaintiffs' Amended Motion to Dismiss Defendant's Counterclaim* [Doc. 7] is hereby **Granted**, and the Defendant's Counterclaim

is hereby **Dismissed without Prejudice**. Should she so wish, the Defendant-Counter-Claimant has **14 days from the date of the entry of this Order** within which to file an amended counterclaim .

**#  #  #**
